642 S.E.2d 578

**In the Matter of the CARE AND TREATMENT OF Larry Gene BEAVER, Respondent,**

v.

**The STATE of South Carolina, Appellant.**

**No. 26279.**

Supreme Court of South Carolina.

Heard Jan. 3, 2007.

Decided Feb. 27, 2007.

---

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General, John W. McIntosh, Assistant Attorney Gen-

eral, Deborah R.J. Shupe, and Assistant Attorney General David M. Stumbo, all of Columbia, for appellant.

William Isaac Diggs, of Myrtle Beach, for respondent.

Justice MOORE.

Respondent pled guilty to one count of lewd act on a minor. He was sentenced to seven years imprisonment, suspended on nine months confinement and three years probation. The State commenced a civil action seeking respondent's commitment as a sexually violent predator pursuant to the South Carolina Sexually Violent Predator Act (the SVP Act), S.C.Code § 44–48–10 through –170 (Supp.2006). At the probable cause hearing, the judge found no probable cause to believe respondent is a sexually violent predator and dismissed the action. We certified this case from the Court of Appeals.

## ISSUE

Did the circuit court err by dismissing the State's Sexually Violent Predator petition?

## FACTS

In 1993, respondent was charged in Tennessee with four counts of aggravated rape of a child, two counts of aggravated sexual battery, and two counts of incest. The charges were based on the molestation of his ten-year-old and eight-year-old daughters, whom he had forced to perform multiple sex acts with him. Respondent pled guilty to one count of aggravated sexual battery and one count of incest. He was sentenced to eight years imprisonment on the sexual battery charge and six years imprisonment, to be served concurrently, on the incest charge.

In 2003, respondent was residing in South Carolina and was giving piano lessons in his home. The mother of one of his piano students discovered numerous letters and e-mails respondent had written to her daughter, who was ten-years-old, between April and June 2003. When the mother questioned the victim, she reported that between December 2002 and June 2003, respondent had hugged and kissed her, and, on one

occasion, he ran his tongue over her lips. The victim also stated respondent put his hand under her shirt and rubbed her chest area with his hands one day when she felt sick.

Respondent was indicted on one count of lewd act on a child under the age of sixteen and one count of communicating obscene messages. In September 2004, he pled guilty to the lewd act charge.

Prior to respondent's release from prison, his case was referred to the Multi–Disciplinary Team, which assesses whether a prisoner should possibly be termed a "sexually violent predator." His case was referred because his conviction of lewd act on a minor is a qualifying offense under the SVP Act. *See* S.C.Code Ann. § 44–48–30(2)(k) (Supp.2006). The Multi–Disciplinary Team reviewed his case and determined there was probable cause to believe he is a sexually violent predator as defined by the SVP Act. The Prosecutor's Review Committee also determined there was probable cause to believe respondent meets the statutory criteria for civil commitment as a sexually violent predator.

The State then filed a petition seeking respondent's civil commitment to the South Carolina Department of Mental Health for long-term control, care, and treatment as a sexually violent predator. Judge John L. Breeden found the State's petition set forth sufficient facts to establish probable cause to believe respondent meets the statutory criteria for commitment.[1] The case was then called for a probable cause hearing before Judge Edward B. Cottingham.[2]

---

1. *See* S.C.Code Ann. § 44–48–80(A) (Supp.2006) ("Upon filing of a petition [for a probable cause determination,] the court must determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator. If the court determines that probable cause exists to believe that the person is a sexually violent predator, the person must be taken into custody if he is not already confined in a secure facility.").

2. *See* S.C.Code Ann. § 44–48–80(B) (Supp.2006) (after the initial determination of probable cause by the court, "the person must be provided with notice of the opportunity to appear in person at a hearing to contest probable cause as to whether the detained person is a sexually violent predator."). If the probable cause determination is made at the hearing, then the court must direct that the person be transferred to an appropriate secure facility for an evaluation as to whether the person is a sexually violent predator. S.C.Code Ann. § 44–48–80(D) (Supp.

At the hearing, the judge expressed his concern about applying the SVP Act to respondent because respondent "pled to fondling, non-violent [and] now they want to keep him in jail for something that they didn't indict him for." [3] The judge stated he was concerned that respondent pled specifically to a non-violent fondling charge, apparently entered an *Alford*[4] plea[5] to that charge, and received only nine months of active time. The judge stated it would be appropriate to use the SVP Act if respondent had raped or ravished someone or had intercourse with a young child; however, he did not think the SVP Act was intended for someone who pleads to a non-violent fondling charge. At the conclusion of the hearing, the judge stated, "I can't order this but with his prior record, I would suggest that he quit teaching young children."

In his order, the judge found the State had failed to demonstrate that probable cause exists to find respondent to be a sexually violent predator and that the State had failed to provide sufficient evidence that respondent suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if not confined in a secure facility as required by the SVP Act.

---

2006). After the evaluation, a trial is held to determine whether the person is a sexually violent predator. S.C.Code Ann. § 44–48–90 (Supp.2006). Therefore, a finding of probable cause at the probable cause hearing does not automatically place the person in confinement and finally decide the question of whether that person is a sexually violent predator.

3. The judge stated he was concerned that a judge can incarcerate someone and say, " 'This is your sentence.' And then they complete the sentence, and you say, 'Wait a minute. We [sic] going to keep you a while longer.' " The judge further commented, "The State had a chance to put him away forever if they chose to, and for reasons good and sufficient for them ... they did not. So, I'm not going to let you incarcerate him any further on this charge." The judge's comments on this point are in error. *See, e.g., In re Care and Treatment of Matthews*, 345 S.C. 638, 550 S.E.2d 311 (2001), *cert. denied*, 535 U.S. 1062, 122 S.Ct. 1928, 152 L.Ed.2d 834 (2002) (purpose of the SVP Act is civil commitment, which does not implicate retribution).

4. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

5. There is no evidence in the record as to whether the lewd act plea was actually an *Alford* plea.

## DISCUSSION

The lower court was asked to determine whether there was probable cause to believe respondent is a sexually violent predator. A sexually violent predator is defined in the SVP Act as:

> ... a person who (a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.

S.C.Code Ann. § 44–48–30(1) (Supp.2006). "Sexually violent offense" includes committing a lewd act upon a child under sixteen. S.C.Code Ann. § 44–48–30(2)(k) (Supp.2006). "Mental abnormality" means a mental condition affecting a person's emotional or volitional capacity that predisposes the person to commit sexually violent offenses. S.C.Code Ann. § 44–48–30(3) (Supp.2006). Finally, "likely to engage in acts of sexual violence" means the person's propensity to commit acts of sexual violence is of such a degree as to pose a menace to the health and safety of others. S.C.Code Ann. § 44–48–30(9) (Supp.2006).

We find the lower court erred by finding no probable cause to believe respondent meets the definition in the SVP Act. Respondent meets part (a) of the definition because he has been convicted of a sexually violent offense, *i.e.* lewd act upon a child under sixteen. The lower court erred by finding the lewd act charge was "non-violent." The lower court determined that respondent should not be confined as a sexually *violent* predator on the basis of a "non-violent" charge. It is true that the lewd act charge is considered non-violent for criminal purposes.[6] However, the Legislature has deemed it appropriate to consider that charge violent for the purposes of the SVP Act. Section 44–48–30(2)(k) includes committing or attempting a lewd act upon a child under sixteen as a sexually violent offense that qualifies a person to

---

**6.** *See* S.C.Code Ann. § 16–15–140 (2003) (it is unlawful to willfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the child); S.C.Code Ann. § 16–1–60 (Supp.2006) (crime of lewd act not included in listing of offenses deemed violent).

be considered a sexually violent predator. Accordingly, the lower court erred by referring to the lewd act charge as a non-violent charge in this civil probable cause hearing.

■ Further, the lower court erred by finding the State had failed to provide sufficient evidence that respondent suffers from a mental abnormality or personality disorder as required under part (b) of the definition. At the probable cause hearing, the State introduced evidence that respondent suffers from pedophilia. The State also presented sufficient evidence to show that there is probable cause to believe respondent is "likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." This evidence consisted of respondent's guilty pleas to aggravated sexual battery and incest arising out of the molestation of one of his natural daughters. A few years after respondent's release from prison, he performed a lewd act upon a ten-year-old girl. While the first incident involved his own child, the next incident involved a young girl whom he had known only for a short time. His behavior reveals a propensity to commit acts of sexual violence to such a degree as to pose a menace to the health and safety of young girls.

Pursuant to the SVP Act, and particularly S.C.Code Ann. § 44–48–80(D) (Supp.2006), the State is not able to require a mental examination of the offender until a judge, after a hearing, has found that there is probable cause to believe the offender is a sexually violent predator. Therefore, the State is generally unable to produce any mental health information at the probable cause hearing because probable cause must first be found by a judge at the hearing before such evidence can be obtained. The State's inability to provide mental health evidence does not prevent a finding of probable cause. Accordingly, the lower court erred by finding the State had failed to provide sufficient evidence that respondent suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if not confined. *Cf. In re Treatment and Care of Luckabaugh,* 351 S.C. 122, 568 S.E.2d 338 (2002) (on review, the appellate court will not disturb the hearing court's finding on probable cause unless found to be without evidence that reasonably supports the hearing court's finding).

■ As an additional sustaining ground, respondent argues the State's petition should be dismissed because it cannot comply with the statutory requirement that the court must conduct a trial to determine whether the person is a sexually violent predator within sixty days of the completion of the probable cause hearing. *See* S.C.Code Ann. § 44–48–90 (Supp.2006) ("Within sixty days after the completion of a [probable cause] hearing, the court must conduct a trial to determine whether the person is a sexually violent predatory."). However, because probable cause was not found at the conclusion of the hearing, the time period set out in § 44–48–90 is inapplicable. Therefore, there is no merit to respondent's additional sustaining ground.

## CONCLUSION

Because there is no evidence to support the lower court's finding on probable cause, we reverse and remand to the circuit court. On remand, the circuit court shall direct that respondent be transferred to an appropriate secure facility for evaluation as to whether he is a sexually violent predator. Further, on remand, the circuit court shall approve a qualified expert to conduct the evaluation. *See* S.C.Code Ann. § 44–48–80(D) (Supp.2006).

**REVERSED AND REMANDED.**

TOAL, C.J., BURNETT, J., and Acting Justices JAMES W. JOHNSON, JR., and L. CASEY MANNING, concur.