THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Matter
 of the Care and Treatment of Wayne Wooten, Respondent,
 v.
 The State of South Carolina, Appellant.
 
 
 

Appeal From Richland County
 J. Ernest Kinard, Jr., Circuit Court
Judge

Unpublished Opinion No.  2008-UP-065
Submitted December 1, 2007  Filed January
22, 2008

REVERSED AND REMANDED

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, Assistant
 Attorney General R. Westmoreland Clarkson, all of Columbia, for Appellant.
 Appellate Defender LaNelle C. DuRant, of the South Carolina
 Commission on Indigent Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The State filed a petition in the circuit court against
 Wayne Wooten under the South Carolina Sexually Violent Predator (SVP) Act, S.C.
 Code Ann. §§ 44-48-10 to -170 (2002 & Supp. 2006), alleging Wooten met the
 statutory requirements for civil commitment as a SVP.  The circuit court denied
 the petition, and the State appeals, arguing the circuit court erred (1) in
 refusing to consider evidence of a prior offense that did not result in a
 conviction, and (2) in finding there was no probable cause to believe Wooten satisfies
 the definition of a SVP.  We reverse and remand.[1] 
1. On December 28,
 2005, the State filed a petition to declare Wooten a SVP and to seek his civil
 commitment.  At the probable cause hearing, the State presented evidence that
 Wooten was indicted in 2000 for assault with intent to commit criminal sexual
 conduct in the first degree with a ten-year old girl for an incident that
 occurred in 1999.  In addition, the State presented evidence that Wooten pled
 guilty in 2003[2] to a charge of committing a lewd act on a child from an incident arising in
 2001 and was sentenced to six years in prison.  The victim in that case was a
 nine-year-old girl.  
2. The circuit court
 found there was no probable cause to classify Wooten as a SVP.  In its
 order, the circuit court found that in connection with the unconvicted charge
 of Assault with Intent to Commit Criminal Sexual Conduct with a Minor in the
 First Degree that the law presumes an individual is innocent until proven
 guilty.  The court conclude[d] as a matter of law [that it could not]
 consider such unconvicted conduct.  The court further found that the
 remaining conviction of Lewd Act upon a Child is not sufficient to establish
 probable cause.  The State appeals. 
3. The circuit court erred as a
 matter of law in holding that the court, in evaluating a petition for probable
 cause under the SVP Act, could not consider evidence of Wootens alleged and
 unadjudicated offense of assault with intent to commit first degree criminal
 sexual conduct with a minor.  Section 44-48-50 of the SVP Act states the
 Director of the Department of Corrections must appoint a multidisciplinary
 team to review the records of each person referred to the team and that
 [t]hese records may include, but are not limited to, the persons criminal
 offense record, any relevant medical and psychological records, treatment
 records, victims impact statement, and any disciplinary or other records
 formulated during confinement or supervision.  S.C. Code Ann. § 44-48-50
 (Supp. 2006) (emphasis added).  In the recent case of In re Care and
 Treatment of White, 375 S.C. 1, 649 S.E.2d 172 (Ct. App. 2007), this court
 observed that offense is an ambiguous term because it is unclear whether
 offense refers to a conviction or whether it refers to the commission of a
 crime.  Id. at 8, 649 S.E.2d at 176.  We noted the customary and usual
 meaning of offense is that it refers to a violation of the law, as
 distinguished from a conviction, which is a judicial finding that someone is guilty
 of a crime.  Id.  We further noted, [W]hile a conviction cannot occur without
 the commission of an offense, an offense can occur without necessarily
 resulting in a conviction.  Id. at 9, 649 S.E.2d at 176.  We concluded
 that, [b]ecause the legislature fails to limit or is silent on whether
 offenses can include only convictions, we must assume the legislature intended
 to include both convictions and offenses not resulting in convictions.  Id.  Therefore, evidence of Wootens alleged offense of assault with intent to
 commit first degree criminal sexual conduct with a minor was relevant to the
 probable cause determination.
4. A SVP is defined under the SVP Act
 as a person who . . . (a) has been convicted of a sexually violent offense;
 and (b) suffers from a mental abnormality or personality disorder that makes
 the person likely to engage in acts of sexual violence if not confined in a
 secure facility for long-term control, care, and treatment.  S.C. Code Ann. §
 44-48-30(1) (Supp. 2006).  At the hearing, the State offered evidence regarding
 Wootens past offenses, including a prior conviction for lewd act on a minor
 and an unadjudicated offense of assault with intent to commit first degree
 criminal sexual conduct with a minor.  Wootens conviction for committing a
 lewd act on a minor satisfies the first prong in the definition of a SVP.  See In re Care and Treatment of Beaver, 372 S.C. 272, 276-78, 642 S.E.2d 578,
 580-81 (2007) (holding sufficient probable cause was established to find a
 person convicted of committing a lewd act upon a minor met the definition of a
 SVP and that a lewd act was a qualifying offense under the Act). The totality
 of the evidence presented, including evidence of Wootens unadjudicated conduct,
 satisfies the statutory probable cause threshold that Wooten suffers from a
 mental abnormality or personality disorder within the meaning of the SVP Act. 
 We conclude the State established probable cause under the SVP Act.
5. We reverse the circuit courts
 finding of no probable cause, and we remand for further proceedings under the
 SVP Act as provided by law.          
REVERSED
 AND REMANDED.
HEARN,
 C.J., KITTREDGE and THOMAS, JJ., concur.
 

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  During the hearing, the Assistant Attorney General
 inadvertently referred to the date of conviction as being 1993, but the
 supporting documentation indicates the plea was in 2003, and this date is used
 by both parties in their appellate briefs.