676 S.E.2d 676

In the Matter of the CARE AND TREATMENT
OF Elliott D. CHANDLER, Respondent,

v.

The STATE of South Carolina, Appellant.

No. 26640.

Supreme Court of South Carolina.

Heard Oct. 21, 2008.

Decided April 27, 2009.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, Assistant Attorney General Brandy A. Duncan, all of Columbia, for Appellant.

Appellate Defender LaNelle C. DuRant, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice BEATTY:

The State appeals from a circuit court order finding there was no probable cause to believe Elliott D. Chandler meets the definition of a sexually violent predator under the South

Carolina Sexually Violent Predator Act.[1] We reverse and remand.

## FACTS

In December 2003, Chandler entered a negotiated plea of guilty to one count of assault and battery of a high and aggravated nature (ABHAN). He was sentenced under the Youthful Offender Act (YOA)[2] to an indeterminate sentence of one to six years, suspended upon the service of two years of probation and enrollment in counseling. The victim alleged Chandler sexually assaulted her in February 2003 by pulling her into an unoccupied classroom at school and forcing her to have intercourse. At the time of the offense, Chandler was 18 and the victim was 15.

While on probation for this offense, Chandler, then 19, was arrested on an allegation of criminal sexual conduct (CSC) with a minor in the second degree for having sex with a 13–year–old girl on two occasions in February or March 2004.[3] On both occasions, Chandler came to the victim's home at night and had intercourse with her while her parents were asleep. In December 2005, Chandler was allowed to plead guilty to one count of CSC in the third degree, and he received a second YOA sentence of commitment for one to six years.[4]

Before Chandler entered his plea to the above-described charge, he was arrested in April 2005 for CSC with a minor in the second degree after he was observed having sex with a 13–year–old girl behind a school building. He was 20 years old when he committed this offense. There is nothing in the record regarding the disposition of this charge.

---

1. S.C.Code Ann. §§ 44–48–10 to –170 (Supp.2008).

2. S.C.Code Ann. §§ 24–19–10 to –160 (2007).

3. The documents in the record variously state the time of the incidents as February 2004 or March 2004.

4. The State notes that under S.C.Code Ann § 24–19–50(5) (2007), a court may not sentence a person under the YOA more than once, and since Chandler had already received a YOA sentence in 2003, he was ineligible for a second YOA sentence in 2005.

In June 2006, prior to Chandler's release from detention, a multidisciplinary team appointed by the Director of the South Carolina Department of Corrections reviewed Chandler's case and determined there was probable cause to believe Chandler was a sexually violent predator as defined by the Act and referred his case to the prosecutor's review committee. The prosecutor's review committee issued a report agreeing with the finding of probable cause.

Thereafter, on August 9, 2006, the State filed a petition in the circuit court alleging Chandler met the statutory requirements for civil commitment as a sexually violent predator. The State alleged that Chandler's conviction for CSC in the third degree was a qualifying sexually violent offense under the Act, and that Chandler has a mental abnormality or personality disorder that makes it likely he will engage in acts of sexual violence again if he is not confined in a secure facility for long-term control, care, and treatment.

On August 14, 2006, a preliminary finding was made by a circuit court judge that the State had set forth sufficient evidence to establish probable cause. The matter proceeded to a probable cause hearing in the circuit court before Judge Markley Dennis in which Chandler was allowed to contest the probable cause finding. After the hearing, the circuit court issued an order dismissing the State's petition and finding there was no probable cause to believe Chandler met the statutory definition of a sexually violent predator. The State appeals, arguing the circuit court considered inappropriate factors and erred in failing to find the State established probable cause in this case.

## LAW/ANALYSIS

### A. South Carolina Sexually Violent Predator Act

The Act provides for the involuntary civil commitment of an individual deemed to be a sexually violent predator, which is defined under the Act as a person who (a) has been convicted of a sexually violent offense, and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if the person is not confined in a secure facility for long-term control, care, and treatment. S.C.Code Ann. § 44–48–30(1) (Supp.2008).

The procedures of the Act are initiated when a person is about to be released from confinement. At that time, a multidisciplinary team appointed by the Director of the South Carolina Department of Corrections reviews the relevant records, including the person's "criminal offense record," to assess whether or not the person meets the statutory definition of a sexually violent predator. *Id.* § 44–48–50.

Upon referral from the multidisciplinary team, the prosecutor's review committee examines whether probable cause exists to believe the person is a sexually violent predator. *Id.* § 44–48–60. If so, the Attorney General must file a petition in the circuit court asking the court to rule on the issue of probable cause. *Id.* § 44–48–70.

In the event the circuit court makes an initial determination that probable cause exists, the person must be taken into custody if he is not already confined. *Id.* § 44–48–80(A). Thereafter, the person is allowed the opportunity to appear in person at a hearing to contest probable cause. *Id.* § 44–48–80(B). Once a probable cause determination is made by the circuit court, the person is required to undergo an evaluation by a court-approved expert. *Id.* § 44–48–80(D). A trial is then held in the court of common pleas to conclude whether the person is, in fact, a sexually violent predator as defined by the Act. *Id.* § 44–48–90. The State must prove the allegation beyond a reasonable doubt to either the court or a jury. *Id.* § 44–48–100(A).

## B. Circuit Court's Order

In the current case, the circuit court dismissed the State's petition after the hearing to contest probable cause, concluding "[p]robable cause does not exist to order further evaluation and commitment pending trial." The court found the State had established Chandler was convicted of a qualifying offense under the Act, but did not establish that Chandler suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence in the future. The court stated "[i]t may be possible that the Respondent will not commit further offenses."

In reaching this determination, the court noted that Chandler was given a YOA sentence, "which indicates that both the

court and consenting prosecution believed his acts were substantially caused by youthful poor judgment and impulsiveness." The court further noted that "[i]t does not appear clear from the record that actual physical violence was used in committing these crimes." The court stated Chandler has taken some courses related to his offense while at the Department of Corrections, and his being on probation and listed on the sex offender registry "provide sufficient opportunity for [Chandler] to rehabilitate himself as well as permanent protection of the public." The court stated it "must weigh this case in view of the State's limited resources for treatment and finds that commitment under the [A]ct is a substantial infringement on [Chandler's] ability to earn a living and contribute productively to society while the resources used to continue his treatment may be better used to protect the community in other ways . . . ."

## C. The State's Appeal

On appeal, the State argues the circuit court erred in dismissing its petition and finding there was no probable cause to believe Chandler is a sexually violent predator. The State contends the circuit court considered inappropriate evidence, including the facts that Chandler received a YOA sentence and would be on probation after his release. The State asserts the court should have allowed this matter to proceed to a full evaluation of Chandler and a trial on the merits of the petition.

■ "On review, the appellate court will not disturb the hearing court's finding on probable cause unless found to be without evidence that reasonably supports the hearing court's finding." *In re the Care and Treatment of Tucker,* 353 S.C. 466, 470, 578 S.E.2d 719, 721 (2003); *accord In re the Care and Treatment of Beaver,* 372 S.C. 272, 278, 642 S.E.2d 578, 582 (2007). Thus, we must consider whether any evidence reasonably supports the court's ruling.

The Act contains a two-pronged test to determine whether a person is a sexually violent predator. The circuit court found the first prong was satisfied and there is no dispute in this regard. Chandler was convicted of CSC in the third degree, which is specifically listed as a qualifying offense under the Act. *See* S.C.Code Ann. § 44–48–30(2)(c) (Supp.2008) (listing

CSC in the third degree as a violent offense for purposes of the Act). This case turns on the second prong, i.e., whether Chandler suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if he is not confined in a secure facility for long-term control, care, and treatment.

Under the Act, "mental abnormality" is defined as "a mental condition affecting a person's emotional or volitional capacity that predisposes the person to commit sexually violent offenses." *Id.* § 44–48–30(3); *see also In re the Care and Treatment of Kennedy*, 353 S.C. 394, 397 n. 2, 578 S.E.2d 27, 28 n. 2 (Ct.App.2003) (defining "mental abnormality" as used in the statute).

As this Court has previously noted, the State cannot require a mental evaluation of an offender until a court has found probable cause after a hearing; therefore, the State is generally unable to produce mental health information at the probable cause hearing, but this does not preclude a finding of probable cause:

> Pursuant to the SVP Act, and particularly S.C.Code Ann. § 44–48–80(D) (Supp.2006), the State is not able to require a mental examination of the offender until a judge, after a hearing, has found that there is probable cause to believe the offender is a sexually violent predator. Therefore, the State is generally unable to produce any mental health information at the probable cause hearing because probable cause must first be found by a judge at the hearing before such evidence can be obtained. *The State's inability to provide mental health evidence does not prevent a finding of probable cause.*

*In re the Care and Treatment of Beaver*, 372 S.C. at 278, 642 S.E.2d at 582 (emphasis added).

"In the context of probable cause to believe someone to be a sexually violent predator, probable cause requires that the evidence presented would lead a reasonable person to believe and conscientiously entertain suspicion that the person meets the definition of a sexually violent predator." *In re the Care and Treatment of Brown*, 372 S.C. 611, 620, 643 S.E.2d 118, 122–23 (Ct.App.2007). "Probable cause 'does not demand any showing that such a belief be correct or more likely true

than false.'" *Id.* at 620, 643 S.E.2d at 123 (quoting *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983)). "The very term itself, 'probable cause,' does not import absolute certainty." *Id.* at 619, 643 S.E.2d 118, 643 S.E.2d at 122.

One of the findings of the circuit court is that "[i]t does not appear clear from the record that actual physical violence was used in committing these crimes." At the hearing Chandler's counsel argued two of the offenses, the ones involving the two 13–year–old victims, were consensual; as for the remaining offense, which involved the alleged forcible assault of the victim and Chandler's plea to ABHAN, counsel opined that "in all probability this was also a consensual act." Chandler's counsel asserted he did not "think this is a matter of a man in denial. It is—this is a case of immaturity and impulsiveness, such as is not unusual to see in a nineteen or twenty-year-old man; taking advantages of girls who, frankly, wanted to be taken advantage of." On appeal, Chandler asserts "[a]ll of the evidence indicates that the three acts were consensual."

■ Contrary to counsel's assertion, the record indicates that in one of the incidents, which resulted in Chandler's plea to ABHAN, the victim reported that force was used. As for the other two offenses involving 13–year–old girls, the victims were underage and could not legally give consent. In any event, physical violence is not a prerequisite under the Act. As noted in the case of *In re the Care and Treatment of Brown,* to qualify as a sexually violent offense, the actions do not have to be violent in the sense of being physically injurious or destructive, and many of the listed offenses do not require an act of physical violence. *Id.* at 621, 643 S.E.2d at 123 ("That Brown was not violent, per se, toward any of his victims is of no consequence.... Many of the listed offenses [in the Act] do not require an overt act of violence.").

■■ Consideration of a person's past criminal history is directly relevant to establishing whether a person has been convicted of a sexually violent offense under section 44–48–30(1)(a), which in turn bears directly on whether one suffers from a mental abnormality under section 44–48–30(1)(b). *In re the Care and Treatment of Ettel,* 377 S.C. 558, 562, 660 S.E.2d 285, 287 (Ct.App.2008). As the State points out, Chan-

dler has been involved in three known offenses of a sexual nature involving young girls, which indicates Chandler has developed a pattern of engaging in inappropriate conduct. He committed some acts even while he was already on probation for similar conduct.

In December 2003, Chandler pled guilty to ABHAN, and the victim alleged force was used when Chandler assaulted her. In early 2004, while still on probation for this offense, Chandler, then 19, had intercourse with a 13–year–old on two occasions, for which he was allowed to plead guilty to CSC in the third degree. Chandler received a YOA sentence for both charges. Before he entered his plea to this last charge, however, Chandler was again brought to the attention of authorities for having intercourse with a 13–year–old minor in April 2005. At that time, Chandler was 20 years old.

■ The record indicates Chandler was aware that his conduct was inappropriate, as he told the responding officers that he was already on probation for the "same thing" and he denied having sex with the last 13–year–old victim, despite the reports of eyewitnesses and the victim herself. The victim told the responding officers that Chandler knew she was 13 years old. Chandler was arrested for CSC with a minor in the second degree, but there is no record of a disposition on that charge. Although Chandler contends only the conviction for the CSC in the third degree is relevant since it is a qualifying offense enumerated in the Act, there is no merit to this contention. Under the Act, a person's "criminal offense record" includes convictions for criminal sexual offenses as well as evidence of criminal sexual offenses not resulting in convictions. *In re the Care and Treatment of Ettel,* 377 S.C. at 562, 660 S.E.2d at 287; *In re the Care and Treatment of White,* 375 S.C. 1, 649 S.E.2d 172 (Ct.App.2007).

■ As to the circuit court's other considerations, i.e., that Chandler's receipt of sentencing under the YOA indicated the sentencing judge and the prosecutor thought Chandler could be rehabilitated, and the provision for probation gave the public adequate protection, these factors are not determinative of the probable cause issue. Rehabilitation is a goal of all concerned; however, the positive potential for rehabilitation does not negate probable cause for a mental evaluation and a

hearing on the merits. Moreover, there are a variety of reasons why the State would negotiate a plea with Chandler, ranging from the ability of the State to acquire the necessary evidence to the possibility that testifying might be difficult for the victims. The severity of punishment imposed in the criminal matter may give rise to closer scrutiny of the facts, but it is not determinative in this civil proceeding to evaluate whether there is probable cause to believe that Chandler suffers from a mental abnormality or personality disorder. Chandler was twice the recipient of a YOA sentence, but he committed a third sexual offense, so the sentence Chandler received was not a reliable indicator of his propensity to commit future acts of sexual violence.

In *In re the Care and Treatment of Beaver*, we held the circuit court erred in finding the State had not set forth sufficient evidence of probable cause. Beaver pled guilty to aggravated sexual battery and incest; a few years later, after his release from prison, he performed a lewd act upon a 10–year–old girl. 372 S.C. at 274, 642 S.E.2d at 579–80. We noted, "His behavior reveals a propensity to commit acts of sexual violence to such a degree as to pose a menace to the health and safety of young girls." *Id.* at 278, 642 S.E.2d at 582. We observed that the State is not able to require a full evaluation of a subject until probable cause is found, and we concluded the circuit court erred in ruling the State had failed to provide sufficient evidence that Beaver suffered from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if not confined. *Id.* at 278–79, 642 S.E.2d at 582. Chandler's record likewise demonstrates he has a propensity to commit inappropriate acts with young girls.

We hold the State has met its burden of establishing probable cause. As the State points out, Chandler has not completed his treatment program while at the Department of Corrections. It is important to note also that "a finding of probable cause at the probable cause hearing does not ... finally decide the question of whether that person is a sexually violent predator." *Id.* at 275 n. 2, 642 S.E.2d at 580 n. 2. Thus, once Chandler has a complete evaluation, he will still have the opportunity to refute the State's allegation that he

meets the definition of a sexually violent predator at a trial on the merits.

## CONCLUSION

There is no evidence to support the circuit court's finding that the State failed to establish probable cause. Consequently, we reverse the circuit court's order and remand this matter for further proceedings in accordance with the Act, including a psychiatric evaluation and a trial on the merits.

**REVERSED AND REMANDED.**

TOAL, C.J., KITTREDGE, J., concur.

PLEICONES, J., dissenting in a separate opinion in which WALLER, J., concurs.

Justice PLEICONES:

I respectfully dissent. In my opinion, there is evidence in the record which supports the probable cause hearing judge's conclusion that respondent does not suffer from "a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." S.C.Code Ann. § 44–48–30(1)(b) (Supp.2007) (definition of sexually violent predator); *In the Matter of Brown*, 372 S.C. 611, 643 S.E.2d 118 (Ct.App.2007) (any evidence scope of review on appeal from probable cause determination).

In finding that respondent did not suffer from the requisite mental abnormality or personality disorder, the circuit court relied upon the following findings of fact:

1) Respondent was offered a Youthful Offender Act (YOA) sentence for the predicate offense based on a plea negotiated by a solicitor noted for careful protection of the public interest in sexual offense cases;

2) The negotiated plea was accepted by a trial judge who is also known for this kind of protective attitude;

3) Respondent turned himself in, and pled guilty, thereby accepting responsibility for his actions;

4) A YOA sentence indicates both the plea judge and the prosecutor believed respondent's criminal acts were sub-

stantially caused by youthful poor judgment and impulsiveness, a conclusion concurred in by the hearing judge after review of the facts of all respondent's offenses;

5) It does not appear that actual physical violence was involved in any of respondent's offenses;

6) While incarcerated, respondent has completed several courses related to his offense;

7) Probation and registration as a sex offender, with the concomitant monitoring and supervision provide both an opportunity for respondent to rehabilitate himself and permanent protection for the public; and

8) Respondent has not been previously incarcerated for this type of conduct, nor has he received prior treatment or counseling.

The majority takes issue with certain evidence cited by the hearing judge. For example, the majority notes that there could be a variety of reasons why the State would offer Chandler a YOA sentence. I agree with the majority in this regard, but note that on appeal, "this court is concerned with the existence of evidence, not its weight." *In re Matter of Brown,* 372 S.C. at 616, 643 S.E.2d at 121. In my view, whether the offender was offered a negotiated plea, a lesser sentence, and/or probation is relevant to the question of probable cause to believe the offender is among the "mentally abnormal and extremely dangerous group of sexually violent predators who require involuntary civil commitment in a secure facility for long-term control, care, and treatment." S.C.Code Ann. § 44-48-20 (Supp.2007). While certainly factors other than the seriousness of the offenses and the offender's potential threat to the public play a role in these considerations, the post-arrest decisions made by law enforcement professionals and prosecutors with intimate knowledge of the circumstances, which result in an alleged SVP serving a YOA, a probationary sentence, or no sentence at all, have evidentiary value in deciding whether an offender is more immature than dangerous. In my opinion, these prosecutorial and sentencing decisions provides evidentiary support for the probable cause hearing judge's conclusion that respondent was more immature than abnormal.

The State alleged the following facts in support of its allegation that there was probable cause to believe respondent was a sexually violent predator:

(1) Chandler pled guilty in December 2003 to one count of ABHAN and was sentenced under the YOA. The victim stated that she was forced to have intercourse with Chandler.

(2) Chandler pled guilty to one count of CSC in the third degree based on two occasions on which he had intercourse with a 13–year–old girl. He was sentenced under the YOA.

(3) Chandler was arrested in April 2005 based on an allegation that he had intercourse with a 13–year–old girl. He denied the offense and was not charged.

The hearing judge found that actual physical violence was not involved in any of the crimes, which he viewed as a factor in determining whether there is probable cause to believe respondent suffers from a mental abnormality or personality disorder.

The majority rejects, as lacking in evidentiary support, the finding that physical violence was not involved in any of respondent's offenses. The record contains the following evidence which support this finding:

(1) *Offense A*

This offense involved intercourse between 18 year old respondent and a 15 year old victim in February 2003. Although the victim stated she was "forced" to have intercourse, she did not report the incident and was a reluctant witness, expressing concern that she would be sent away from home for "getting in trouble again." The incident occurred in a classroom during the school day but was not discovered until a week later when the victim's sister was overheard yelling at respondent and others that the sister "was going to have [victim] tell everybody that she was raped." There was no evidence of physical violence on the part of respondent in "forcing" the sexual encounter.

Respondent received a YOA sentence, suspended to two years probation, after pleading to Assault and Battery of a High and Aggravated Nature.

(2) *Offense B*

In March 2004, respondent, aged 19, had consensual intercourse with 13 year old victim at her home. Respondent told officers that the victim had lied about her age. Respondent received a YOA sentence after pleading guilty to Criminal Sexual Conduct with a Minor in the Third Degree (CSCM 3rd).

(3) *Offense C*

In 2005, 20 year old respondent was arrested and charged with Criminal Sexual Conduct with a Minor in the Second Degree for having consensual intercourse with a 13 year old. No charges were lodged.

In my opinion, there is evidence to support the finding that no physical violence was involved in any of respondent's three offenses. Like the majority, I note that physical violence is not necessary in order for an offense to qualify as "sexually violent." I agree with the circuit judge, however, that the absence of such violence may be probative the respondent suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence unless confined long term in a secure facility.

Finally, the majority suggests that respondent's record of offenses is comparable to that of the respondent in *In the Matter of Beaver*, 372 S.C. 272, 642 S.E.2d 578 (2007). Beaver's arrest record consisted of four counts of aggravated rape of a child, two counts of aggravated sexual battery, and two counts of incest arising from his molestation of his eight and ten year old daughters, charges which Tennessee authorities allowed him to plead down to one count of aggravated sexual battery and one count of incest. Following his release from prison in Tennessee, Beaver was charged in South Carolina with committing a lewd act on a child under sixteen (in this case, ten) and one count of communicating obscene messages to her. He was permitted to plead to the lewd act charge and the obscene message charge was dropped. In my opinion, the criminal history of respondent is not comparable to that of Beaver.

Based on the above, it is my opinion that there is evidence in the record which supports the probable cause judge's finding that respondent is an immature person rather than an

extremely dangerous sexual predator. I would therefore affirm. *In the Matter of Brown, supra.*

WALLER, J., concurs.