**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jeffery Wesley, Appellant.

Appellate Case No. 2010-163326

———————————

Appeal From Darlington County
Michael G. Nettles, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-382
Heard May 23, 2012 – Filed June 20, 2012

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for Respondent.

———————————

**PER CURIAM:**  Jeffery Wesley appeals his conviction of possession of marijuana with intent to distribute.  He argues the trial court erred in denying his motion to suppress drugs and money seized during a traffic stop because the stop was not supported by probable cause and, therefore, the driver's consent to search the vehicle was per se invalid.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984) (stating that "the usual traffic stop is more analogous to a so-called 'Terry stop,' than to a formal arrest," and therefore, a traffic stop is not an unlawful detention when it is supported by at least reasonable suspicion (citation omitted)); *State v. Willard*, 374 S.C. 129, 134, 647 S.E.2d 252, 255 (Ct. App. 2007) (providing that a traffic stop is reasonable and therefore not an unlawful detention "where the police have probable cause to believe that a traffic violation has occurred"); *In re Brown*, 372 S.C. 611, 619-20, 643 S.E.2d 118, 122 (Ct. App. 2007) (providing that probable cause does not require "absolute certainty"; it "merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that an offense has been committed and that the accused committed it" (internal quotation marks omitted)); *see also Texas v. Brown*, 460 U.S. 730, 742 (1983) (holding the probable cause standard does not demand any showing that the officer's belief was correct or more likely true than false); S.C. Code Ann. § 56-5-4450 (Supp. 2011) (providing that drivers operating a vehicle on a street or highway in South Carolina must turn on the vehicle's headlights "when inclement weather or environmental factors severely reduce the ability to clearly discern persons and vehicles on the street or highway at a distance of five hundred feet ahead").

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**