**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

### THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

In the Matter of the Care and Treatment of Gerald Barrett, Jr., Respondent,

v.

The State, Appellant.

Appellate Case No. 2017-000085

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-420
Heard October 22, 2019 – Filed December 31, 2019

———————

### REVERSED AND REMANDED

———————

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Appellant.

Appellate Defender David Alexander, of Columbia, for Respondent.

———————

**PER CURIAM:** The State appeals the circuit court's order finding the State failed to establish probable cause Gerald Barrett Jr. qualified as a sexually violent

predator pursuant to section 44-48-30(1) of the South Carolina Code (2018) and was therefore subject to further evaluation.  We reverse and remand pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in concluding Barrett's qualifying conviction, required by section 44-48-30(1)(a), was not ripe based on his pending appeal:  *Sloan v. Friends of Hunley, Inc.*, 393 S.C. 152, 159 n.3, 711 S.E.2d 895, 898 n.3 (2011) (indicating a concession allows the court to end the matter); *Bowaters Carolina Corp. v. Carolina Pipeline Co.*, 259 S.C. 500, 505, 193 S.E.2d 129, 132 (1972) (holding an appellate court need not pursue an issue conceded during oral arguments).

2.  As to whether the State offered sufficient evidence to establish the threshold probable cause finding set forth in the statutory scheme:  *Care & Treatment of Brown v. State*, 372 S.C. 611, 620, 643 S.E.2d 118, 122-23 (Ct. App. 2007) ("In the context of probable cause to believe someone to be a sexually violent predator, probable cause requires that the evidence presented would lead a reasonable person to believe and conscientiously entertain suspicion that the person meets the definition of a sexually violent predator."); *id*. at 620, 643 S.E.2d at 123 ("Probable cause 'does not demand any showing that such a belief be correct or more likely true than false.'" (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983))); *id*. at 619, 643 S.E.2d at 122 (stating probable cause "does not import absolute certainty"); *Care & Treatment of Beaver v. State*, 372 S.C. 272, 278, 642 S.E.2d 578, 582 (2007) ("[T]he State is not able to require a mental examination of the offender until a judge, after a hearing, has found that there is probable cause to believe the offender is a sexually violent predator.  Therefore, the State is generally unable to produce any mental health information at the probable cause hearing because probable cause must first be found by a judge at the hearing before such evidence can be obtained.  The State's inability to provide mental health evidence does not prevent a finding of probable cause."); *White v. State*, 375 S.C. 1, 9-10, 649 S.E.2d 172, 176-77 (Ct. App. 2007) (holding previous unadjudicated offenses are directly relevant to a determination of whether probable cause exists to believe someone is a sexually violent predator); *Care & Treatment of Chandler v. State*, 382 S.C. 250, 259, 676 S.E.2d 676, 680 (2009) (reversing the circuit court's order that found no probable cause and concluding the defendant had "developed a pattern of engaging in inappropriate conduct" that continued "while he was already on probation for similar conduct" when defendant engaged in sexual conduct with three different girls aged thirteen to fifteen years old).

**REVERSED AND REMANDED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**