659 S.E.2d 227

**In the Matter of the CARE AND TREATMENT OF Anthony VALENTINE, Respondent,**

v.

**The STATE of South Carolina, Appellant.**

**No. 4351.**

Court of Appeals of South Carolina.

Heard Sept. 11, 2007.

Decided March 10, 2008.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, Assistant Attorney General Brandy A. Duncan, all of Columbia, for Appellant.

Appellate Defender Aileen P. Clare and Appellate Defender LaNelle C. DuRant, both of Columbia, for Respondent.

PER CURIAM:

The State appeals the circuit court's determination that there was no probable cause to believe Anthony Valentine was a sexually violent predator. We reverse and remand.

## FACTS

In October of 2003, Anthony Valentine sexually assaulted his daughter's friend by grabbing and squeezing her breasts

and buttocks. When the victim, who was fourteen years old, notified police, Valentine's step-daughter also accused him of fondling her breasts and vaginal area on multiple occasions when she was between the ages of twelve and fourteen.[1]  On February 26, 2004, Valentine pled guilty to one count of lewd act on a minor under the age of sixteen in response to the allegations made by his daughter's friend.  On the same day, Valentine also pled guilty to one count of assault and battery of a high and aggravated nature ("ABHAN") in response to the allegations made by his step-daughter.  Valentine was sentenced to fifteen years' incarceration, suspended upon the service of five years' confinement and five years' probation for the lewd act conviction, and a concurrent sentence of ten years suspended to five years' confinement and five years' probation for the ABHAN conviction.

While incarcerated, Valentine was convicted of possession of marijuana and cocaine with intent to distribute.  Prior to Valentine's release from the South Carolina Department of Corrections, the Multi–Disciplinary Team reviewed his case and determined there was probable cause to believe Valentine was a sexually violent predator as defined by the Sexually Violent Predator Act ("Act").[2]  The Prosecutor's Review Committee ratified the determination made by the Multi–Disciplinary Team, and accordingly, the State filed a petition seeking Valentine's civil commitment to the South Carolina Department of Mental Health for long term control, care, and treatment as a sexually violent predator.

On February 2, 2006, the Honorable Deadra L. Jefferson found the State's petition set forth sufficient facts to establish probable cause to believe Valentine met the statutory criteria for confinement.  Thereafter, a probable cause hearing was held on March 10, 2006, before the Honorable R. Markley Dennis.  The only issue before the court was whether the State could demonstrate probable cause in showing that Valentine was a sexually violent predator.  In order to make such a showing, the State argued that Valentine suffered from the

---

1.  In addition to the accusations made by the friend and the step-daughter, Valentine's daughter also accused him of fondling her; however, Valentine denied the charges, and the State did not pursue them.

2.  S.C.Code §§ 44–48–10 to 44–48–70 (Supp.2006).

mental abnormality of pedophilia. In support of this argument, the State submitted evidence to the court concerning several risk factors suggesting Valentine's propensity to re-offend in future acts of sexual violence. The risk factors included: (1) multiple victims, (2) the victims were between the ages of thirteen to fifteen, (3) prior non-sexual convictions,[3] (4) Valentine's "four sentencing dates which are criminal in nature," (5) a victim he was not related to, (6) his length of sexual offending was between one and six years, (7) he victimized two or more age groups, (8) a pattern of substantial substance abuse, and (9) one major discipline report while incarcerated.

Judge Dennis found the State produced insufficient evidence to demonstrate Valentine was a sexually violent predator as defined by the Act. In so finding, he relied on the State's reduction of one lewd act charge to an ABHAN charge, the availability of treatment during Valentine's probationary sentence, the absence of a psychological exam, and the fairly lenient sentence Valentine received. This appeal followed.

## STANDARD OF REVIEW

■ "[O]n review, the appellate court will not disturb the hearing court's finding on probable cause unless found to be without evidence that reasonably supports the hearing court's finding." *In re Care & Treatment of Beaver*, 372 S.C. 272, 278, 642 S.E.2d 578, 582 (2007).

## LAW/ANALYSIS

The State asserts the hearing judge based his conclusion on impermissible speculation. We agree.

### I. SEXUALLY VIOLENT PREDATOR ACT

■ Sections 44–48–10 to 44–48–170 of the South Carolina Code of Laws (Supp.2006), provide for the involuntary civil commitment of sexually violent predators who are "mentally abnormal and extremely dangerous." S.C.Code Ann. § 44–48–20 (Supp.2006). The Act is not intended to be punitive in

---

3. Although Valentine has no prior convictions for sexual offenses, he has a prior record for public drunkenness and possession of marijuana.

nature, nor is it intended to stigmatize the mentally ill community. *Id.* "[T]he purpose of the requirements in the SVP Act is to ensure that these involuntary commitment procedures are only used to control a limited subclass of dangerous persons and not to broadly subject any dangerous person to what may be indefinite terms." *In re Care and Treatment of Harvey,* 355 S.C. 53, 584 S.E.2d 893 (2003).

The Act defines a "sexually violent predator" as a person who: "(a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." S.C.Code Ann. § 44–48–30(1) (Supp.2006). When a person has been imprisoned for one or more of the sexually violent offenses identified in section 44–48–30, the Act requires the agency with jurisdiction over that person to notify the Attorney General and a multidisciplinary team designed to evaluate the particular offender prior to his release. *See* S.C.Code § 44–48–40(A) (Supp.2006).

The multidisciplinary team reviews relevant records to determine if probable cause exists that the offender satisfies the definition of a sexually violent predator under the Act. S.C.Code Ann. § 44–48–50 (Supp.2006). These records may include, but are not limited to, the person's criminal offense record, any relevant medical and psychological records, treatment records, victim's impact statement, and any disciplinary or other records formulated during confinement or supervision. *Id.* If the multidisciplinary team determines probable cause exists that the person meets the statutory definition, the team forwards its assessment and all relevant records to a prosecutor's review committee. *Id.*

The prosecutor's review committee then undertakes its assessment of whether probable cause exists to believe the individual is a sexually violent predator. S.C.Code Ann. § 44–48–60 (Supp.2006). In addition to the records and reports from the multidisciplinary team, the committee must consider any information provided by the circuit solicitor who originally prosecuted the person. *Id.*

If the prosecutor's review committee finds probable cause, the Attorney General files a petition with the court in the

jurisdiction where the person committed the offense. S.C.Code Ann. § 44–48–70 (Supp.2006). A probable cause hearing is then held to determine whether sufficient evidence exists that would lead a reasonable person to believe the person named in the Attorney General's petition is a sexually violent predator. S.C.Code Ann. § 44–48–80 (Supp.2006). At the hearing, the law instructs the court to: (1) verify the detainee's identity; (2) receive evidence and hear arguments from the detainee and the Attorney General; and (3) determine whether probable cause exists to believe the detainee is a sexually violent predator. *Id.* The detainee is guaranteed: (1) to be represented by counsel; (2) to present evidence on his own behalf; (3) to cross-examine witnesses who testify against him; and (4) to view and copy all petitions and reports in the court file. S.C.Code Ann. § 44–48–80(B) (Supp.2006).

■ It is important to emphasize that a finding of probable cause at the probable cause hearing does not finally decide the question of whether the detainee is a sexually violent predator. *Beaver,* 372 S.C. at 275, 642 S.E.2d at 580 n. 2 (citing S.C.Code Ann. §§ 44–48–80 through 90 (Supp.2006)). On finding probable cause, the detainee is transferred to an appropriate secure facility for an evaluation as to whether he, in fact, suffers from a mental abnormality or personality disorder that meets the statutory criteria for commitment under the Act. *Id.* After the evaluation, a trial is held to determine whether the person is a sexually violent predator. *Id.* This trial is before a judge, unless the detainee or Attorney General requests a jury trial. *Id.* The State must prove the person is a sexually violent predator beyond a reasonable doubt. *Harvey,* 355 S.C. at 60, 584 S.E.2d at 896; *see also* S.C.Code Ann. § 44–48–100 (Supp. 2006).

## II. PROBABLE CAUSE STANDARD

■ "Probable cause is a flexible, common-sense standard. The very term itself does not import absolute certainty. Probable cause may be found somewhere between suspicion and sufficient evidence to convict." *Care and Treatment of Brown v. State,* 372, S.C. 611, 619–20, 643 S.E.2d 118, 122 (Ct.App.2007) (internal quotations and citations omitted).

■ Sufficient probable cause exists to find that a sex offender meets the definition of a sexually violent predator, as defined by the Act, if the offender has been convicted of a sexually violent offense, i.e., lewd act upon a minor. *Beaver,* 372 S.C. at 277, 642 S.E.2d at 581. For the purposes of the Act, "[c]onvicted of a sexually violent offense" means a person has:

(a) pled guilty to, pled nolo contendere to, or been convicted of a sexually violent offense;

(b) been adjudicated delinquent as a result of the commission of a sexually violent offense;

(c) been charged but determined to be incompetent to stand trial for a sexually violent offense;

(d) been found not guilty by reason of insanity of a sexually violent offense; or

(e) been found guilty but mentally ill of a sexually violent offense.

S.C.Code Ann. § 44–48–30 (Supp.2006).

■ Probable cause to believe someone to be a sexually violent predator requires that the evidence presented would lead a reasonable person to believe and conscientiously entertain suspicion that the person meets the definition of a sexually violent predator. *Brown,* 372, S.C. at 620, 643 S.E.2d at 122. Probable cause to believe someone to be a sexually violent predator does not demand a showing that such a belief be correct or more likely true than false. *Id.* at 620, 643 S.E.2d at 123.

## III. THE CIRCUIT COURT'S ANALYSIS

■ As noted earlier, a two-pronged test exists under the Act to guide the court in making that determination. A person is a sexually violent predator if he (1) "has been convicted of a sexually violent offense;" and (2) "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." S.C.Code § 44–48–30(1) (Supp.2006). Pursuant to the Act, committing a lewd act upon a child under the age

of sixteen is a sexually violent offense. S.C.Code § 44–48–30(2)(k) (Supp.2006).

Here, the first prong of the statutory requirement defining a "sexually violent predator" was satisfied when Valentine pled guilty to "lewd act upon a minor under the age of sixteen," an offense enumerated under section 48–44–30 as a "sexually violent offense." Therefore, the hearing judge's determination regarding probable cause hinged upon the second prong: whether Valentine suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment. As referenced above, our supreme court recently addressed this second prong in *Beaver*, a case we find to be substantially similar to the one at hand.[4]

In *Beaver*, the supreme court held the circuit court judge erred as a matter of law when he found Beaver was not a sexually violent predator based on the following factors: the non-violent nature of Beaver's fondling convictions, the fact that a longer sentence could have been imposed upon Beaver, and the State's lack of mental health evidence at the probable cause hearing. *Beaver*, 372 S.C. at 276–78 n. 3, 642 S.E.2d at 580–82. In regard to the hearing judge's characterization of fondling as a non-violent crime, the *Beaver* court stated that although the charge of committing a lewd act upon a minor is considered non-violent for criminal purposes, "the Legislature has deemed it appropriate to consider that charge violent for the purposes of the SVP Act." *Id.* at 277, 642 S.E.2d at 581. In addition, the *Beaver* court found the hearing judge committed legal error when he commented on the duration of Beaver's sentence. *Id.* at 276 n. 3, 642 S.E.2d at 581. Furthermore, the supreme court acknowledged the State should not be penalized for its failure to produce any mental health information at the probable cause hearing because probable cause must be found by the hearing judge before such evidence can be obtained. *Id.* at 278, 642 S.E.2d at 582.

As in *Beaver*, we find the hearing judge in this case erred by relying on a myriad of factors wholly outside the scope of

---

4. We note this decision was not rendered prior to the circuit judge's ruling in the instant case.

the sexually violent predator determination as outlined by the Act. First, the hearing judge relied on the State's offer of a plea agreement to Valentine, reducing one charge of lewd act on a minor to ABHAN. The hearing judge remarked, ". . . if the State entertained and accepted a plea to ABHAN, that tells me something about the strength of that case and [its] belief in the allegations of the victim. So you can offer it, but it doesn't really help from my viewpoint." [5] The State may offer or accept a plea agreement from a person charged with a crime for a variety of reasons ranging from a lack of evidence, to the realization that testifying at trial will be a traumatic experience for the victim. We find no inherent connection between the reasons the State had for entering into a plea agreement and the evaluation of whether Valentine suffers from a mental abnormality or personality disorder that makes him likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.

Second, the hearing judge relied on the five years of probation Valentine faced following his release from jail as a factor in denying the State's motion, stating "I would agree with you that he needs [treatment], if he didn't have probation." It is clear the hearing judge thought probation provided adequate safeguards against Valentine's propensity to re-offend on the basis of his mental abnormality of pedophilia. By creating the Act, our legislature has made it clear that the safeguards probation offers to protect society are inadequate for sexually violent predators. Therefore, if indeed the hearing judge found that Valentine needed treatment, he should have issued an order finding probable cause that Valentine was a sexually violent predator. *See Brown*, 372 S.C. at 622, 643 S.E.2d at 124 (stating the hearing judge erred by finding no probable cause even after acknowledging Brown needed treatment

---

5. Although the hearing judge's written order stated Valentine's probation restrictions would adequately protect the public, and that the State failed to present sufficient evidence Valentine suffered from any mental abnormality or personal disorder, his comments from the bench indicating he considered additional criteria in his determination were improper under *Beaver*. We acknowledge that when there is a conflict between a judge's oral ruling and the subsequent written order, the latter controls. *Parag v. Baby Boy Lovin*, 333 S.C. 221, 226, 508 S.E.2d 590, 592 (Ct.App.1998). Here, however, as was apparently the case in *Beaver*, the hearing judge's comments from the bench were consistent with his written order.

based on his prior convictions for voyeurism). Rather than focusing on the safeguards offered by probation, the court's analysis should have been directed to whether Valentine suffers from a mental abnormality or personality disorder which makes him likely to engage in acts of sexual violence if not confined.

The hearing judge relied on the absence of a psychological exam as evidence demonstrating the State did not meet its burden of proof. The State correctly pointed out that it was unable to present a psychological examination until it demonstrated probable cause that Valentine was a sexually violent predator. Nonetheless, the judge opined that the State should amend the statute. The ability or inability of the State to have the Act amended is in no way relevant to the inquiry of whether the State has demonstrated that Valentine is a sexually violent predator.

Finally, the hearing judge considered Valentine's original sentence as a factor in determining whether he was a sexually violent predator, stating "[T]he presiding judge heard this, too . . . and he said this guy's not that big a risk; the risk factors aren't that severe." Further, he remarked, "[A] judge who has the ability to put him in jail for fifteen years, he puts him in jail for five . . . which is significant to me." While the sentencing judge undoubtedly considered a number of factors in imposing the sentence upon Valentine, we must assume the sentencing judge was concerned only with criminally punishing Valentine for his past crimes. However, the civil nature of confinement under the Act presents quite a different analysis. Under the Act, the hearing judge is asked to evaluate whether probable cause exists to label the prisoner a sexually violent predator. The fundamental disconnect between the criminal nature of punishment, with which the sentencing judge was entirely concerned, and the civil nature of confinement, upon which a sexually violent predator determination is based, renders the duration of punishment irrelevant.

The hearing judge was limited to an analysis based on probable cause under the Act. Instead of engaging in such an analysis, the hearing judge reached his decision on the basis of the plea agreement, availability of probation, absence of a psychological exam, and the sentence imposed. Pursuant to *Beaver* and the language of the Act itself, these factors were

not relevant in determining whether Valentine suffered from a mental abnormality that made him likely to engage in an act of sexual violence.

Moreover, three separate probable cause determinations preceded Valentine's probable cause hearing. The initial inquiry was made by the statutorily required multidisciplinary team, composed of "(1) a representative from the Department of Corrections; (2) a representative from the Department of Probation, Parole and Pardon Services; (3) a representative from the Department of Mental Health who is a trained, qualified mental health clinician with expertise in treating sexually violent offenders; (4) a retired judge appointed by the Chief Justice who is eligible for continued judicial service pursuant to Section 2–19–100; and (5) an attorney with substantial experience in the practice of criminal defense law to be appointed by the Chief Justice to serve a term of one year." S.C.Code Ann. § 44–48–50 (Supp.2006). The prosecutor's committee reviewed the multidisciplinary team's report and made the second probable cause finding. That committee must include, but is not limited to, a member of the staff of the Attorney General, an elected circuit solicitor, and a victim's representative. S.C.Code Ann. § 44–48–60 (Supp.2006). Finally, the preliminary probable cause determination by the circuit judge in Charleston County found the Attorney General's petition set forth sufficient facts to establish probable cause to believe Valentine meets the statutory criteria for civil commitment.

Considering the scope of the Act and the standard for determining probable cause, we are convinced the record does not reasonably support the hearing judge's finding that the State failed to meet its burden of demonstrating probable cause in this case.

## CONCLUSION

Based on the foregoing, we reverse the circuit court's order and hold that the State demonstrated probable cause under the Act.

**REVERSED and REMANDED.**

HEARN, C.J., and ANDERSON, and THOMAS, JJ., concur.