713 S.E.2d 253

**In the Matter of the Care and Treatment
of James Carl MILLER, Petitioner.**

**No. 26995.**

Supreme Court of South Carolina.

Heard May 5, 2011.

Decided June 27, 2011.

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, Assistant Attorney General William M. Blitch, Jr., of Columbia, for Respondent.

Justice BEATTY.

James Carl Miller (Miller) appealed the circuit court's order committing him to the custody of the Department of Mental Health under the Sexually Violent Predator Act (SVPA),[1]

<hr />

1. S.C.Code Ann. §§ 44–48–10 to –170 (2002 & Supp.2009); *see In re Care & Treatment of Chandler*, 382 S.C. 250, 254, 676 S.E.2d 676, 678 (2009) ("The Act provides for the involuntary civil commitment of an individual deemed to be a sexually violent predator, which is defined under the Act as a person who (a) has been convicted of a sexually violent offense, and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual

asserting the State failed to try the case within sixty days of the probable cause hearing as mandated by the SVPA. The Court of Appeals affirmed Miller's civil commitment on the grounds the State properly moved for a continuance, the State established that there was good cause for the delay, and that Miller was not substantially prejudiced by the continuance. *In re Care & Treatment of Miller*, 385 S.C. 539, 685 S.E.2d 619 (Ct.App.2009). This Court granted Miller's petition for a writ of certiorari to review the decision of the Court of Appeals.

Although we affirm the decision of the Court of Appeals, we use this case as an opportunity to clarify certain procedural aspects of the SVPA. Specifically, we consider the appropriate remedy when the State fails to timely conduct a civil commitment trial within the time provisions mandated by the SVPA.

## I. Factual/Procedural History

On September 6, 2001, Miller pled guilty to committing a lewd act on a child under the age of sixteen years and criminal domestic violence of a high and aggravated nature (CDVHAN).[2] The circuit court sentenced Miller to fifteen years' imprisonment suspended upon the service of ten years' imprisonment with five years' probation for the lewd act charge and to ten years' imprisonment for CDVHAN. The sentences were to be served concurrently.

In May 2005, prior to his scheduled release date of December 1, 2005, the Department of Corrections referred Miller's case to the multidisciplinary team[3] to assess whether Miller constituted a "Sexually Violent Predator" (SVP) as defined by the SVPA. Having determined that Miller satisfied the statu-

---

violence if the person is not confined in a secure facility for long-term control, care, and treatment.").

We have cited to the 2009 supplement as several of the provisions of the SVPA were amended effective May 12, 2010. These amendments are not applicable to the instant case.

2. These charges arose out of a 1998 incident where the mother of a ten-month-old girl walked into a room and found Miller leaning over her child with his pants pulled down while the baby's diaper was off. When confronted, Miller punched the mother as he attempted to escape from the room.

3. S.C.Code Ann. § 44–48–40(A)(1) (Supp.2009).

tory definition of an SVP, the multidisciplinary team referred the case to the prosecutor's review committee (committee).[4] In turn, the committee found probable cause existed to believe that Miller was an SVP.[5] Based on the committee's finding, the State petitioned the circuit court to conduct a hearing and make a judicial determination of probable cause.[6]

Although a probable cause hearing was initially scheduled for August 29, 2005, the circuit court did not conduct the hearing until November 3, 2005, due to a number of unforeseeable delays.[7] On that same day, the circuit court found probable cause and issued an Order for Evaluation.[8]

Pursuant to section 44–48–90 of the SVPA, the circuit court had sixty days to conduct Miller's civil SVP trial.[9] During this time, Miller was to remain incarcerated.

On December 29, 2005, the State moved for a continuance past the sixty-day deadline pursuant to section 44–48–90. In its motion, the State noted that January 2, 2006 was a holiday, and the last day for a trial of Miller's case would be December 30, 2005. Additionally, the State claimed the court-ordered evaluation of Miller would not be completed until January 31, 2006 due to problems in obtaining information regarding

4. *Id.* § 44–48–50.

5. *Id.* § 44–48–60.

6. *Id.* § 44–48–70.

7. During the three-month time period, the following delays occurred: (1) Miller's original, court-appointed counsel was relieved and a new attorney appointed; and (2) there were several scheduling changes due to the untimely death of Circuit Court Judge Marc Westbrook.

8. S.C.Code Ann. § 44–48–80(A) (Supp.2009).

9. Section 44–48–90 provides in relevant part:
    Within sixty days after the completion of a hearing held pursuant to Section 44–48–80, the court must conduct a trial to determine whether the person is a sexually violent predator. . . . The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and only if the respondent will not be substantially prejudiced.
    S.C.Code Ann. § 44–48–90 (Supp.2009).

Miller's prior North Carolina convictions.[10]

On January 13, 2006, the circuit court held a hearing on the State's motion for a continuance. At the beginning of the hearing, the State informed the court that the mental health evaluation had been received that morning and the State was ready to proceed to trial. The circuit court set the case for January 17, 2006. In response to this ruling, Miller's counsel referenced the sixty-day time limit of the SVPA and asked that the case be dismissed as the State had not established "good cause" for the motion and Miller had been substantially prejudiced by the delay. In support of this argument, counsel relied on *In re Care & Treatment of Matthews*, 345 S.C. 638, 550 S.E.2d 311 (2001).[11] The court, however, did not rule on the request but stated that Miller needed to file a formal motion to dismiss.

On January 17, 2006, Miller filed a motion to dismiss pursuant to Rule 41 of the South Carolina Rules of Civil Procedure.[12] In the motion, counsel argued that the State's petition "should be dismissed with prejudice due to the State's failure to pursue the prosecution of this matter in a reasonably timely manner." Specifically, counsel claimed that the "case should have been tried on or before January 4, 2006 because [Miller's] continued incarceration beyond December 1, 2005[was] certainly prejudicial." In opposition, the State claimed it had "good cause" for a continuance as the forensic

---

10. Miller pled guilty to taking indecent liberties with children arising from an offense involving a four-year-old girl that occurred on June 5, 1995 in North Carolina. As a result of the plea, Miller was sentenced to probation and ordered to participate in outpatient, sex offender treatment. After he violated the terms of his probation, Miller was incarcerated for two and a half months in 1996. In 1998, Miller fled North Carolina while still on probation and was considered a fugitive at the time of the South Carolina offense.

11. In *Matthews*, this Court held the time period set forth in section 44–48–90 is not a jurisdictional requirement. *Id.* at 644, 550 S.E.2d at 314. Additionally, this Court stated that "[w]hen the sixty day period has passed, and no continuance has been granted," the proper procedure is to file a motion to dismiss. *Id.*

12. Rule 41 provides in relevant part, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Rule 41(b), SCRCP.

psychiatrist, who conducted all of the state's SVP evaluations, was unable to complete the evaluation within the sixty-day time period.

Circuit Court Judge Larry R. Patterson conducted a hearing the same day the motion to dismiss was filed; however, the court did not rule on the motion but instead took it under advisement. On July 24, 2006, the court issued an order denying Miller's motion to dismiss. Although the court expressed its displeasure with the State's routine delay in initiating the SVP process, it found the State's interest in proceeding with the SVP trial outweighed the prejudice to Miller. Additionally, the court found there was no substantial prejudice to Miller.

On November 27, 2006, Circuit Court Judge James R. Barber, III conducted Miller's SVP jury trial. After the jury found Miller was an SVP, the court issued an Order of Commitment.[13]

Miller appealed to the Court of Appeals, arguing the circuit court erred in denying his motion to dismiss as the SVP trial was not held within the sixty-day statutory limit and a continuance had not been granted. Additionally, Miller claimed he was substantially prejudiced by the delay as he was faced with the following two choices: (1) he could have proceeded to trial on January 13, 2006 without having an independent psychiatric evaluation, thus, depriving him of an opportunity to prepare a defense; or (2) he could have requested a continuance in order to obtain the independent psychiatric evaluation, which would have resulted in his continued incarceration past his release date.

The Court of Appeals affirmed Miller's civil commitment. *In re Care & Treatment of Miller*, 385 S.C. 539, 685 S.E.2d 619 (Ct.App.2009). Although the court recognized that the SVPA established a definite time-limit of sixty days, it found the State complied with *Matthews* by filing a motion for a continuance prior to the expiration of the sixty-day time period and noting why the case could not be tried within sixty days. *Id.* at 547, 685 S.E.2d at 623. The court also found the State established "good cause" for delay based on the follow-

---

13. S.C.Code Ann. § 44-48-100(A) (Supp.2009).

ing factors: (1) Miller's change of counsel delayed the case over thirty days; (2) a thorough report by the Department of Mental Health served the best interest of Miller as the report could have been in his favor; and (3) the grant of the State's motion for a continuance on January 13, 2006 was only ten days after the expiration of the sixty-day window set on November 3, 2005. *Id.* at 548, 685 S.E.2d at 624. Furthermore, the court concluded that Miller was not substantially prejudiced by the grant of a continuance as it allowed him the time to "adequately prepare for his trial and develop a trial strategy." *Id.* at 549, 685 S.E.2d at 624.

Additionally, while recognizing that Miller was incarcerated past his release date, the court stated that it was "hesitant to set a bright line rule which would require reversal of an SVP's commitment when an individual is detained past his release date." *Id.*

Despite its holding, the court expressed concern that Miller's civil commitment trial did not occur until well over a year after the probable cause hearing was held. Although the court found the facts of the case did not warrant reversal, it emphasized that "SVP trials should take priority when scheduling a court's docket, precisely because of the potential for the prolonged incarceration evidenced in this case." *Id.* at 549, 685 S.E.2d at 624–25.

Following the denial of his petition for rehearing, Miller petitioned this Court for a writ of certiorari to review the decision of the Court of Appeals. This Court granted Miller's petition for a writ of certiorari.

## II. Discussion

### A.

Miller contends the Court of Appeals erred in affirming the circuit court's denial of his motion to dismiss as the SVP trial was not held within sixty days after the probable cause determination and a continuance had not been granted. In support of this contention, Miller claims the Court of Appeals misapprehended the significance of the issue in this case, "which is that [he] was incarcerated in the county detention center for over a year with no criminal charges pending because he had served the sentence he received for his

criminal charge in 2001." Accordingly, Miller asserts that he suffered substantial prejudice as a result of the State's motion for a continuance.

Miller also challenges the Court of Appeals' finding that the State established "good cause" for the delay. Specifically, Miller avers the State had "the information [it] claimed was the cause of the delay." Miller also contends the State acted in an "unfair manner" by informing the circuit court that it was ready to proceed for trial on the day it received the psychiatric evaluation as this forced him to choose between proceeding to trial without an independent evaluation or moving for a continuance, which in turn resulted in an extended period of incarceration.

## B.

"The grant or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record." *Plyler v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007).

When reviewing a motion to dismiss for failure to prosecute pursuant to Rule 41(b), SCRCP, an appellate court may reverse the trial court's decision upon an abuse of discretion. *McComas v. Ross*, 368 S.C. 59, 62, 626 S.E.2d 902, 904 (Ct.App.2006). "An abuse of discretion occurs when the conclusions of the trial court are either controlled by an error of law or are based on unsupported factual conclusions." *Kiriakides v. Sch. Dist. of Greenville County*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009).

## C.

Cognizant of the applicable standard of review, we agree with the Court of Appeals that the circuit court did not abuse its discretion in denying Miller's motion to dismiss as the court properly applied the provisions of the SVPA with respect to the State's motion for a continuance.

Initially, we note the State adhered to the SVPA's time limits until the civil commitment trial. As to the civil commitment trial, the State filed the motion for a continuance *prior* to the expiration of the sixty-day time limit. Significantly, the

statute does not require that a continuance be issued before the end of the sixty-day time period. *See Matthews,* 345 S.C. at 644, 550 S.E.2d at 314 ("It is not a significant burden on the State or the trial court to require the issuance of a continuance, *or even a notation in the record,* indicating: (1) the trial cannot be held within sixty days; (2) good cause for the delay; and (3) the respondent will not suffer prejudice." (emphasis added)).

In ruling on the State's motion, the circuit court correctly took into consideration whether the State had established "good cause" for the delay and whether Miller would be "substantially prejudiced" by the delay. S.C.Code Ann. § 44–48–90 (Supp.2009). We find the court's ruling regarding these two factors is supported by the evidence.

The State presented evidence establishing the unforeseeable delays in scheduling the civil commitment trial. At the time of Miller's case, there was only one court-appointed psychiatrist employed to handle all of the SVP evaluations. This, in and of itself, justified the State's delay and supported the circuit court's finding of "good cause." Moreover, as soon as the State received the psychiatric evaluation on January 13, 2006, approximately two weeks after the sixty-day time period, it informed the circuit court that it was ready to proceed to trial. Thus, we find that Miller was not substantially prejudiced by the State's delay as any delay was created by the circuit court's failure to expeditiously rule on Miller's motion to dismiss and schedule the civil commitment trial.

Furthermore, we find our decision to affirm the Court of Appeals does not effectively change Miller's plight as his counsel conceded at oral argument that Miller suffers from pedophilia and needs continued treatment. Miller, however, is not without recourse as the SVPA provides that an SVP may petition, on an annual basis, to be released from incarceration. *See* S.C.Code Ann. § 44–48–110 (Supp.2009) (providing procedures for annual mental evaluation of SVP and for petitioning for release from the SVP program).[14]

---

14. We note that delays similar to the instant case may not be as prolific in the future given the Legislature amended the SVPA in 2010 to impose time limits for the completion of a court-appointed examiner's evaluation and to expand the length of time in which a circuit court

### D.

Although we affirm the decision of the Court of Appeals, we utilize this case as an opportunity to clarify certain procedural aspects of the SVPA. We find this is an important issue as the SVPA's procedures were promulgated in order to avoid due process violations and to prevent inmates from being arbitrarily incarcerated beyond their release dates. *See In re Treatment & Care of Luckabaugh,* 351 S.C. 122, 146, 568 S.E.2d 338, 350 (2002) (noting that the SVPA "provides for constitutional safeguards such as probable cause hearings to ensure individuals are not arbitrarily held beyond their release dates").

Specifically, we consider the appropriate remedy for when the State fails to timely conduct a civil commitment trial within the time provisions mandated by the SVPA. In making this determination, we must address the following questions: (1) whether a motion to dismiss should be granted with or without prejudice to the State; and (2) if the motion to dismiss is granted without prejudice, whether an inmate should be detained or released while the State re-files with the circuit court the petition that precipitates a civil commitment trial?

In answering these questions, we have carefully balanced the interests of the State in pursuing SVPs and protecting the public versus the offender's rights not to be indefinitely detained and to have a timely adjudication of his status as an SVP.[15]

---

must conduct a civil commitment trial following the issuance of the evaluation. *See* S.C.Code Ann. § 44–48–90(B) (Supp.2010) ("If a request is made, the court must schedule a trial before a jury in the county where the offense was committed within *ninety days* of the date the court appointed expert issues the evaluation as to whether the person is a sexually violent predator, pursuant to Section 44–48–80(D), or, if there is no term of court, the next available date thereafter. The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, and only if the respondent will not be substantially prejudiced." (emphasis added)); *id.* § 44–48–80(D) ("The expert must complete the evaluation within sixty days after the completion of the probable cause hearing. The court may grant one extension upon request of the expert and a showing of good cause. Any further extensions only may be granted for extraordinary circumstances.").

**15.** Notably, the court-appointed psychiatrist in this case testified that she deems only one-third of the inmates that she evaluates as SVPs.

## E.

█ In order to answer the first question regarding the ultimate resolution of an inmate's motion to dismiss, we must assess our decision in *Matthews.*

In *Matthews,* this Court held that where a civil commitment trial is not conducted within sixty days of the probable cause hearing and no continuance has been granted, the proper procedure is for an inmate to file a motion to dismiss. *Matthews,* 345 S.C. at 645, 550 S.E.2d at 314. We, however, did not enunciate whether a dismissal would be with or without prejudice.

Taking into consideration the language of Rule 41 governing a motion to dismiss and our state's jurisprudence regarding the SVPA, we now definitively rule that a grant of an inmate's motion to dismiss should be without prejudice to the State.

As evidenced by the language of Rule 41(b), a court is authorized to specify in its order that a dismissal is without prejudice. *See* Rule 41(b), SCRCP (outlining rules governing an involuntary dismissal and stating that *"[u]nless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for failure to join a party under Rule 19, operates as an adjudication upon the merits" (emphasis added)).

Furthermore, this Court has determined that a violation of the SVPA's time limits does not divest the circuit court of subject matter jurisdiction. *See Matthews,* 345 S.C. at 645, 550 S.E.2d at 314 (interpreting section 44–48–90 and holding that "the State's failure to comply with the time period set forth in the section, when a proper continuance has not been issued, does not deprive the court of subject matter jurisdiction to hear the case"). Thus, we have expressly found that a court may still hear an SVP case despite procedural errors committed by the State.

Finally, because a decision on a motion to dismiss does not necessarily constitute an adjudication of the merits of the case, permitting the State to re-file would have no *res judicata*

---

Thus, *approximately two-thirds of the alleged SVPs are subjected to unjustified, prolonged terms of incarceration.*

implications. *Cf. Small v. Mungo*, 254 S.C. 438, 443–44, 175 S.E.2d 802, 804 (1970) (stating, in a pre-Rule 41 case, "[a]n order of dismissal for failure to proceed with the suit is in the nature of a discontinuance of the action and is not an adjudication of the merits. Ordinarily, it does not put an end to the cause of action, but merely terminates the suit itself").

Based on the foregoing, we find the appropriate procedure in granting a motion to dismiss in the SVP context is to do so without prejudice to the State. To decide otherwise, we believe would be contrary to the purpose of the SVPA as it would represent an invalidation of the entire Act based on a technical time violation. *See Osborne v. State*, 907 So.2d 505, 508 (Fla.2005) (concluding State's petition for SVP civil commitment, which was not brought within the requisite time period, is without prejudice absent a demonstration of prejudice; stating that "[a] dismissal of a petition with prejudice would terminate the case on procedural grounds, essentially divesting the circuit court of jurisdiction").

■ While we find that a dismissal without prejudice is the proper resolution, we are concerned that there is no real "consequence" if the State delays the SVP proceedings. Arguably, the State could continue its delay tactics in perpetuity without any deleterious effects on its case against an alleged SVP. *Cf. In re the Detention of Fowler*, 784 N.W.2d 184, 190 (Iowa 2010) (concluding that inmate's case should be dismissed and inmate released from custody where State did not file a motion to continue for good cause until after the ninety-day period as "[a]ny remedy other than dismissal would render a time limitation for trial meaningless").

Thus, the question becomes whether an inmate, who is granted a dismissal, should be detained or released from custody pending the State's re-filing of its petition for the circuit court to conduct a hearing and make a judicial determination of probable cause.

At least one decision of our Court of Appeals would implicitly support the release of an inmate as the court concluded that a person may be civilly committed as an SVP even though he is not currently serving a sentence for a sexually violent offense. *See In re Care & Treatment of Manigo*, 389 S.C. 96, 697 S.E.2d 629 (Ct.App.2010) (concluding civil commitment of

an SVP does not require the person to be currently serving a sentence for a sexually violent offense, but recognizing that the process is "triggered" once a person has been convicted of a sexually violent offense); *see also* S.C.Code Ann. § 44–48–40(B) (Supp.2009) ("If the person is determined to be a sexually violent predator pursuant to this chapter, the person is subject to the provisions of this chapter even though the person has been released on parole or conditional release.").

Because our appellate courts have not explicitly ruled on this issue, we are guided by the decisions from other jurisdictions holding that an inmate should be released during the pendency of the re-filed SVP proceedings. *See Osborne*, 907 So.2d at 509 (concluding that "where a respondent has completed his criminal sentence and is being detained awaiting a [SVP civil commitment] trial and the trial period has exceeded [the requisite time period] without a continuance for good cause, the respondent's remedy is release from detention and a dismissal without prejudice of the pending proceedings").

Based on the above-outlined authority, we believe the release of an inmate is a proper remedy in that it ensures individuals are not arbitrarily held beyond their release dates and serves as an incentive to the State to comply with statutorily-mandated time provisions of the SVPA. Thus, we hold that once a motion to dismiss is granted an inmate may be released from custody provided that he has completed his sentence as determined by the Department of Corrections. In the event an inmate is released, it is incumbent upon the State to expeditiously re-file its petition with the circuit court for a probable cause determination.[16]

In initiating this process, we do not believe the State needs to begin the SVP proceedings anew as both the multidisciplinary team and the prosecutor's review committee will have made the requisite probable cause determinations necessary to support the State's petition to the circuit court for a probable cause hearing. *See In re Care & Treatment of*

---

**16.** *See* S.C.Code Ann. § 44–48–80(A) (Supp.2009) ("Upon filing of a petition, the court must determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator. If the court determines that probable cause exists to believe that the person is a sexually violent predator, the person must be taken into custody if he is not already confined in a secure facility.").

*Valentine,* 377 S.C. 244, 254–55, 659 S.E.2d 227, 233 (Ct.App. 2008) (reversing and remanding circuit court's finding that State failed to meet its burden for ordering civil commitment of inmate under SVPA; recognizing that three separate probable cause determinations precede a civil commitment trial under the SVPA).

### III.  Conclusion

In conclusion, we affirm the decision of the Court of Appeals as the circuit court did not abuse its discretion in denying Miller's motion to dismiss.  As to future cases arising after the issuance of this opinion, we hold that if an inmate is granted a dismissal the proceedings should be dismissed without prejudice to the State.  If the motion to dismiss is granted, the inmate may be released from custody while the State re-files its petition to the circuit court provided that the inmate has completed his sentence as determined by the Department of Corrections.

**AFFIRMED.**

TOAL, C.J., KITTREDGE, J., and Acting Justice DOROTHY M. JONES, concur.

PLEICONES, J., concurring in a separate opinion.

Justice PLEICONES.

I agree with the Court of Appeals' ruling that the hearing judge did not abuse his discretion in denying petitioner's motion to dismiss, and thus concur in the result reached by the majority in that regard.  Having answered the question upon which review was granted, I would not seek to provide a procedure to govern the disposition of such motions in future cases.

However, as a prospective procedure has been set forth, I address that portion of the opinion.  I agree with the majority that Rule 41(b), SCRCP, authorizes a court to specify its dismissal is without prejudice.  I note, however, that the default standard is that the grant of a motion to dismiss operates as adjudication on the merits, i.e., a dismissal with prejudice.  In other words, a trial judge is invested with the authority to exercise his discretion in such matters, and I

would not deprive the judge of that authority by mandating the dismissal be without prejudice.

Furthermore, I would not mandate a standard procedure for dealing with the disposition of the case in the event the trial judge exercises his discretion to grant a motion without prejudice. In short, I would not require a specific result where the exercise of discretion is allowed.

For the foregoing reasons, I concur only in the result reached in this case.