**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Christopher Taft, Appellant.

Appellate Case No. 2011-199986

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2013-UP-334
Heard June 13, 2013 – Filed August 7, 2013

**AFFIRMED**

Appellant Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:** Christopher Taft appeals the jury determination that he met the legal definition of a sexually violent predator (SVP) under section 44-48-30 of the South Carolina Code (Supp. 2012). Taft argues the circuit court erred in (1) denying his motions for directed verdict and judgment notwithstanding the verdict (JNOV) and (2) granting the State's motion for continuance, which allowed the

State to proceed with a second evaluation after the expiration of the ninety-day statutory period.  We affirm.

1.	We agree with the circuit court's denial of Taft's motions for directed verdict and JNOV because the State presented evidence at trial that Taft met the definition of a SVP.  *See State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92-93 (2002) ("[A] motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict."); *In re Matthews*, 345 S.C. 638, 646, 550 S.E.2d 311, 315 (2001) ("On an appeal from the [circuit] court's denial of a motion for a directed verdict, the appellate court may only reverse the [circuit] court if there is no evidence to support the [circuit] court's ruling.").  It is undisputed that Taft had been convicted of a sexually violent offense as defined by the Sexually Violent Predator Act.  Further, while the evidence conflicts as to the type of pedophilia, it is undisputed that Taft suffers from the mental abnormality of "pedophilia, sexually attracted to females."  Therefore, the only question before the circuit court was whether any evidence existed that Taft's mental abnormality makes him "likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."  *See* S.C. Code Ann. § 44-48-30(1) (Supp. 2012) (defining SVP as "a person who: (1) has been convicted of a sexually violent offense; and (2) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"); *Matthews*, 345 S.C. at 647, 550 S.E.2d at 315 ("In ruling on a motion for directed verdict, the [circuit] court is concerned with the existence of evidence, not its weight.").

We find the State presented evidence at trial that Taft's pedophilia made him likely to engage in acts of sexual violence if not confined in a secure facility.  Dr. Geoff McKee testified Taft fell into a "moderate to high risk" of recidivism based upon several recidivism guides used to evaluate Taft during his 2009 evaluation.  When presented with a hypothetical in which Taft had not been released into the general community and had not been provided additional treatment or counseling while incarcerated, Dr. McKee testified that Taft's "scores on the sexual recidivism guides would not change."  Accordingly, we find that the circuit court properly denied Taft's motions for directed verdict and JNOV.

2.	As to Taft's second argument, we find the circuit court properly granted the State's request for a continuance to permit the State to proceed with a second evaluation.  The SVP Act allows the circuit court to grant a continuance that would permit a trial to occur outside of the Act's ninety-day trial window.  *See* S.C. Code

Ann. § 44-48-90(B) (Supp. 2012) ("[T]he court must schedule a trial before a jury in the county where the offense was committed within ninety days of the date the court appointed expert issues the evaluation as to whether the person is a sexually violent predator . . . ."); *id.* ("The trial may be continued upon the request of either party and a showing of good cause . . . and only if the respondent will not be substantially prejudiced."); *In re Miller*, 393 S.C. 248, 256-57, 713 S.E.2d 253, 257 (2011) (noting that a motion for continuance in a SVP proceeding needs to be filed prior to the expiration of the statutory period, but the circuit court is not required to rule on that motion within the statutory period).

Taft argues the State failed to demonstrate "good cause" as required by section 44-48-90(B). We disagree. In requesting the continuance, the State explained that the expert retained to conduct the second independent evaluation had experienced delays due to a change in employment that resulted in relocating his laboratory from Columbia to Charleston. We find the circuit court properly exercised its discretion in finding that these unforeseen delays constituted "good cause" to grant the continuance. *See Miller*, 393 S.C. at 257, 713 S.E.2d at 257 (finding "good cause" for a continuance existed when the State established "unforeseeable delays" including the fact that the court-appointed expert was the "only . . . court-appointed psychiatrist employed to handle all of the SVP evaluations" at the time); *Plyler v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007) ("The grant or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record."). Accordingly, we find the circuit court properly granted the State a continuance to proceed with a second evaluation.

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**